THE STATE OF NEW JERSEY, BY SAMUEL LEVINE, RE-
LATOR, v. JAMES J. KELLY, WARDEN OF THE HUDSON
COUNTY PENETENTIARY.

Decided January 28, 1926.

**Prisoners—Commitment and Discharge—Commitment Found De-
fective While the Petitioner was Serving Under it; a Second
Commitment Concededly Regular Issued—Power of Court
to Amend Its Own Record Particularly in Matters of Form is
Elementary.**

On application on *habeas corpus* for discharge of prisoner.

Before Justice MINTURN, sitting alone, pursuant to the
statute.

For the petitioner, *Armstrong & Mullen.*

For the state, *Aloysius McMahon.*

The opinion of the court was delivered by

MINTURN, J. The application is based upon the fact that
after one commitment had been found defective, while the
petitioner was serving his sentence under it, a second com-
mitment was issued by the committing magistrate, which
is concededly regular, and upon which he is now detained.
The power of the court to amend its own record particularly
in matters of form is elementary.

The question presented upon an application of this nature
is whether the record returned with the body of the prisoner
legally justifies his further detention. Since the second
commitment was regular, the legality of the record upon this
writ obviously is complete, and that is the only question for
consideration. If the power of the committing magistrate
be made an issue it must be done upon *certiorari* or other
proceeding in which the legality of the act can come directly
in issue. The prisoner will be remanded and the writ will be
dismissed.